**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DAVID VAUGHAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELLIS COUNTY and ITS )<br>REPRESENTATIVES, THE BOARD OF )<br>COUNTY COMMISSIONERS OF ELLIS )<br>COUNTY; and ED HARBIN, in his )<br>individual capacity, )<br>)<br>Defendants. )<br>) | Case No. 13-2283-CM |

## MEMORANDUM AND ORDER

From 2004 to 2011, plaintiff David Vaughan worked for the Ellis County Sheriff's Department under Sheriff Ed Harbin. In March 2011, plaintiff reported an incident between a jailer and an inmate, detailing the jailer's repeated use of physical force and a stun gun. After this report, plaintiff claims that Sheriff Harbin retaliated against plaintiff by violating the Americans with Disabilities Act ("ADA") when plaintiff requested a reasonable accommodation at work. Plaintiff also claims that he was constructively discharged from his job in September 2011. Represented by counsel, plaintiff filed the instant case and brought a number of claims, including a First Amendment claim under 42 U.S.C. § 1983 against Sheriff Harbin and an ADA claim against Ellis County and its Representatives, the Board of County Commissioners of Ellis County.

The matter is before the court on defendants' Motion to Dismiss. (Doc. 15.) Defendants ask the court to grant their motion to dismiss on multiple grounds. Plaintiff concedes several of defendants' arguments and/or clarifies that he did not, in fact, intend to bring such claims. Based on plaintiff's representations in his response, the court dismisses any claim under the ADA against

-1-

defendant Harbin personally, plaintiff's common law whistleblower claim, and plaintiff's § 1983 claim against defendant Ellis County and its Representatives, the Board of County Commissioners of Ellis County.

Several arguments remain before the court. First, defendants argue that the Board of County Commissioners is not a proper defendant, requiring dismissal of the ADA claim against it. Second, defendants contend that plaintiff's § 1983 claim against defendant Harbin is time-barred. And third, defendants alternatively claim that qualified immunity protects defendant Harbin against § 1983 liability. For the following reasons, the court denies defendants' motion to dismiss in part and grants it in part.

**I.     FACTUAL BACKGROUND**

The following timeline shows the events relevant to resolution of this motion:

| Date | Event(s) |
| --- | --- |
| August 2009 | Plaintiff informed his employer about his diabetes and depression. (Doc. 12 at 2.) |
| March 2011 | Plaintiff submitted a voluntary statement regarding an incident between a jailer and an inmate. In that statement, plaintiff alleged that the jailer used unnecessary force on the inmate. (*Id.*) |
| April 2011 | Plaintiff requested a reasonable accommodation for his disabilities. (*Id.*) |
| Sometime before May 19, 2011[1] | "Defendant" (1) denied plaintiff's request for reasonable accommodation; (2) responded to the request in a "retaliatory, threatening, and/or harassing manner"; and (3) improperly asked for protected medical information. (*Id.*; Doc. 7-1 at 2.) |
| On or about Sept. 21, 2011 | Plaintiff alleges he was constructively discharged. (Doc. 12 at 3.) |
| June 11, 2013 | Plaintiff filed his complaint after timely requesting a right-to-sue letter from the EEOC. (*Id.*) |

---

[1] The dates of these alleged actions are absent from plaintiff's amended complaint. But they are identified in plaintiff's Kansas charge of discrimination. (Doc. 7-1 at 2.) Although plaintiff did not attach the charge to his complaint, he refers to his Equal Employment Opportunity Commission ("EEOC") charge in the complaint, which in turn refers to the Kansas charge. Because exhaustion of administrative remedies is required before filing suit, the charges are integral to the claims before the court. The court can therefore consider the Kansas charge of discrimination in ruling on the motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

### III. ANALYSIS

#### A. The Board and/or Ellis County: Proper Defendants?

Defendants contend that the Board of County Commissioners is not a proper defendant because a county board of commissioners has no oversight over a sheriff's department and therefore no vicarious liability for employment practices of the sheriff. *See Blume v. Meneley*, 283 F. Supp. 2d 1171, 1175 (D. Kan. 2003). The sheriff is an independently-elected state officer who has the ultimate responsibility for employment actions under Kansas statutes. *See Seifert v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 11-2327-JTM, 2012 WL 2448932, at *6 (D. Kan. June 26, 2012) (explaining that while a board of county commissioners has the power to set policy, it doesn't supersede the sheriff's power to control his office). This law suggests that the court should dismiss the Board as a party.

But plaintiff has been deliberate in his naming of this defendant: Instead of merely naming the Board, he has named "Ellis County and its Representatives, the Board of County Commissioners of Ellis County." This designation appears to be an attempt to comply with Kan. Stat. Ann. § 19-105, which provides that all suits against a county should be brought against the Board of County Commissioners. Plaintiff claims that Ellis County is his employer—responsible for ADA violations—but has recognized that instead of naming the county, Kansas statute provides that he should name the Board.

In light of Kan. Stat. Ann. § 19-105, the court concludes that plaintiff has properly named defendant Ellis County and its Representatives, the Board of County Commissioners of Ellis County, in this lawsuit. It does not appear that plaintiff has any other option, as he must name his employer under the ADA—not an individual defendant. The court denies this portion of defendants' motion.

### B. Timeliness of § 1983 Claim

Defendants next contend that plaintiff's § 1983 claim against defendant Harbin is untimely because he alleges retaliatory acts in March–May 2011, but he did not file his claim until June 2013. Plaintiff clarifies in his response that his § 1983 claim is for constructive discharge (which did not occur until September 21, 2011)—not the underlying acts of retaliation that led to the discharge. According to plaintiff, he only listed those acts as evidence of retaliatory intent.

Constitutional claims pursuant to 42 U.S.C. § 1983 are subject to Kansas's two-year statute of limitations set forth in Kan. Stat. Ann. § 60–513(a)(4). *Seifert*, 2012 WL 2448932, at *4. Federal courts look at federal law to decide when the claim accrues. *Delatorre v. Minner*, 238 F. Supp. 2d 1280, 1286 (D. Kan. 2002). Under federal law, civil rights claims accrue when the plaintiff knows or should know that his constitutional rights have been violated. *Id.* (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999)); *Dockery v. Unified Sch. Dist. No. 231*, 382 F. Supp. 2d 1234, 1243 (D. Kan. 2005). Generally, the claim accrues when the alleged unlawful employment practice occurs—not necessarily when the consequences of the practice become most painful. *Delatorre*, 238 F. Supp. 2d at 1286. In the context of a constructive discharge, ordinarily the date of the plaintiff's resignation or announced resignation will control. *Id.* at 1288. But the employee must resign within a reasonable time period after the alleged harassment, or there was no constructive discharge. *Id.* (citing *Gonzalez Garcia v. Puerto Rico Elec. Power Auth.*, 214 F. Supp. 2d 194, 204 (D. Puerto Rico 2002) (quoting *Landrau–Romero v. Banco Popular De P.R.*, 212 F.3d 607, 613 (1st Cir. 2000)); *see also Ulibarri v. Lopex*, No. 95-2291, 1996 WL 594281, at *2 (10th Cir. Oct. 17, 1996) (requiring "some additional act attributable to his employer—some straw that broke the camel's back").

Plaintiff had knowledge of the substantial injury by May 2011. Although plaintiff alleges constructive termination on September 21, 2011, the claim accrued when plaintiff knew or should have known his rights were violated.[2] Assuming the facts as plaintiff alleges them, "defendant" refused plaintiff's request for reasonable accommodations in a retaliatory, threatening, and/or harassing manner sometime before May 19, 2011. In plaintiff's Kansas Human Rights Commission complaint, he alleged that Ellis County and its representatives committed additional retaliatory behavior from March 2011 to May 2011. Plaintiff alleged a series of retaliatory practices that suggest he knew or should have known his rights were violated well before his constructive termination. At the latest, then, plaintiff knew or should have known his rights were violated by May 2011.

Because plaintiff knew by at least May 2011 that his rights had been violated, the statute of limitations on the § 1983 claim began running then and ran out in May 2013. The § 1983 claim filed in June 2013 is untimely and the court dismisses it.

**C. Qualified Immunity**

Even if plaintiff's claim could survive a statute of limitations attack, it cannot withstand the assertion of qualified immunity. Qualified immunity protects government officials from individual liability under § 1983 unless their conduct "violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1250 (D. Kan. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant raises qualified immunity, the plaintiff must show that (1) the defendant's actions violated a constitutional or statutory right and (2) the right violated was clearly established at the time of the conduct in issue. *Id.* If the plaintiff fails to meet the first prong, the analysis ends there and the

---

[2] Plaintiff does not argue for an exception under the continuing violation doctrine, which applies when a defendant has committed a longstanding practice of constitutional violations. But even if plaintiff did argue for the exception, the argument would fail. The continuing violation doctrine does not apply to § 1983 claims. *Mercer-Smith v. N.M. Children, Youth & Families Dep't*, 416 F. App'x 704, 712 (10th Cir. 2011).

defendant retains qualified immunity. *Id.* The court requires the complaint to contain specific allegations of fact to demonstrate that the official's actions were not objectively reasonable in light of clearly established law. *Id.*; *Van Cleave v. City of Marysville, Kan.*, 185 F. Supp. 2d 1212, 1215 (D. Kan. 2002).

The court first decides whether plaintiff has alleged a deprivation of a constitutional right. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). A First Amendment violation requires that the defendant's action had a deterrent effect on the plaintiff's speech. *Id.* The objective standard focuses on whether the harm is the type that "would chill a person of ordinary firmness from continuing to engage in the protected speech." *Id.*

Defendant Harbin does not challenge that plaintiff engaged in protected activity by filing the complaint against the jailer. (Doc. 20 at 5.) Rather, defendant Harbin argues plaintiff has not shown that defendant Harbin took any adverse employment action contemporaneous with or subsequent to the protected activity. Defendant Harbin argues that plaintiff has not sufficiently alleged a deprivation of a constitutional right. The court agrees.

Generally, a plaintiff's factual allegations in his complaint must be "more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The court makes all reasonable inferences in favor of plaintiffs but does not have to accept legal conclusions as true. *Id.* The standard is even higher in § 1983 claims against an official who is entitled to qualified immunity, where "'[t]he *Twombly* standard may have a greater bite . . . appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of litigation.'" *Carnell v. Carr*, No. 12-3020-SAC, 2012 WL 6156419, at *1 (D. Kan. Dec. 11, 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)).

Specifically, in § 1983 claims, plaintiffs must allege the violation of a constitutional right and must allege that the defendant caused the deprivation of the constitutional right. *Meyer v. City of Russell, Kan. Police Dep't*, No. 12-1178-SAC, 2012 WL 4867379, at *4 (D. Kan. Oct. 15, 2012). This requires "specific, nonconclusory factual allegations" to allow the court to determine whether qualified immunity ought to be imposed. *Id.* In § 1983 actions, the court is particularly concerned with "who is alleged to have done what to whom." *Carnell*, 2012 WL 6156419, at *2. Because of the higher standard, § 1983 claims are more likely to fail for plausibility. *Lee v. City of Topeka*, No. 10-4126-CM, 2011 WL 720191, at *2 (D. Kan. Feb. 22, 2011).

Here, plaintiff has not specifically identified adverse actions. Plaintiff merely asserts that "defendant" refused plaintiff's request for reasonable accommodation, with no explanation as to why the refusal was inappropriate. (Doc. 12 at 2.) The complaint does not even specify whether defendant Harbin was involved in the refusal. Further, plaintiff asserts that "defendant" "improperly requested protected medical information." (*Id.*) But plaintiff does not explain who requested the information, why the request was improper, or why the information was protected. Finally, plaintiff alleges that he was constructively terminated from his employment on or around September 21, 2011, without explaining why or how the working conditions were so difficult that he had to resign. Later in plaintiff's complaint, he references "[d]efendant Harbin's employment retaliation actions," but he still does not specify what those actions are.

Because of the generic language used in plaintiff's complaint, plaintiff fails to meet the plausibility standard required under § 1983 and fails to show a deprivation of a constitutional right. Qualified immunity therefore protects defendant Harbin from the § 1983 claim.

## V. CONCLUSION

The court denies defendants' motion as it relates to plaintiff's ADA claim against defendant Ellis County and its Representatives, the Board of County Commissioners of Ellis County. The § 1983 claim against defendant Harbin, however, is dismissed as untimely. Alternatively and independently, the court finds that defendant Harbin is entitled to qualified immunity on the claim. All other claims are dismissed as agreed by the parties.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 15) is denied in part and granted in part.

Dated this 10th day of March, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**